UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00013-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| JAMES LAMONT WALKER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. No. 739. Defendant seeks release based on the COVID-19 pandemic, asserting he suffers an increased risk of death or serious illness from the virus because of his preexisting health conditions and because of the conditions of his place of incarceration. See id.; see also Doc. No. 734. As explained below, the motion is denied.

**I.     BACKGROUND**

On January 20, 2016, a federal grand jury in the Western District of North Carolina issued an indictment, charging Defendant with, among other things, one count of conspiring to distribute crack cocaine and two counts of distributing and possessing with intent to distribute crack cocaine, all of which violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Doc. No. 3 at 2–3, 27. On August 9, 2016, Defendant plead guilty to those offenses. See Doc. No. 433 at 1–2.

The United States Probation Office then prepared a presentence investigation report, which the Court adopted while imposing its sentence. See Doc. No. 472. The report carefully detailed the nature and the circumstances of the offenses leading to Defendant's guilty plea as well as his prior criminal history. As to the instant offense, Defendant was involved in a large conspiracy that sold crack cocaine out of a variety of locations in Charlotte, including Defendant's residence at

the time of his arrest. See id. at 7. On January 8, 2016, confidential informants made two separate purchases of crack cocaine from Defendant at that residence: one purchase of 0.44 grams, and another purchase of 0.35 grams. See id. Prior to the instant offense, Defendant had several other convictions, including: felony possession of cocaine and possession of marijuana in 2007; breaking and/or entering, larceny after breaking or entering, and resisting a public officer in 2008; selling cocaine in 2008; resisting a public officer in 2010; and two counts of conspiring to sell cocaine as well as one count of possessing cocaine with intent to sell and deliver in 2010. See id. at 9–13.

Based on the nature and circumstances of the instant offense, as well as Defendant's extensive criminal history, the Court found that Defendant's Total Offense Level was 29, Criminal History Category was VI, and his Guidelines imprisonment range was 151 to 188 months. Doc. No. 472 at 1. Nevertheless, the Court varied downward two offense levels, given the small amount of drugs that were attributed to Defendant. See id. at 3. On November 16, 2016, the Court imposed a sentence of 132 months' imprisonment. Doc. No. 471 at 2.

On June 9, 2020, Defendant filed his first compassionate release motion, seeking release from prison based on the COVID-19 pandemic. See Doc. No. 734. The Court denied that motion without prejudice, as Defendant failed to show he exhausted administrative remedies. See Doc. No. 735. Thereafter, on July 21, 2020, Defendant filed the instant motion, again seeking compassionate release based on the COVID-19 pandemic. See Doc. No. 739. In support, he maintains that his health conditions—namely pre-diabetes and stomach ulcers—render him especially vulnerable to COVID-19. Id. at 2. He also complains that his place of incarceration requires him to live in "close quarters with hundreds of people, [which] makes social distancing almost impossible." Doc. No. 734 at 1. Admitting he has a "discipline history" while imprisoned, Defendant nevertheless asserts his overall record shows he is rehabilitated, as he has learned the

"construction trade," almost finished the G.E.D. program, and has taken an "Intro to Spanish" course. Doc. No. 739 at 1. Defendant asserts he has a "supportive, loving family that [will provide] a stable environment for [him] to return to with job offers and training included." Doc. No. 734 at 4. Finally, he also notes he has "several family members that have the virus and [he] would like to be there for moral support for them." Id.

## II. ANALYSIS

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." As relevant here, the applicable policy statement provides that the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the Court determines that" (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; see United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

Here, the Court has considered the state of the COVID-19 pandemic—both generally and within Defendant's place of imprisonment—Defendant's criminal history, his disciplinary record while imprisoned, and his age and medical conditions. To begin, Defendant has presented no evidence showing that his health conditions—pre-diabetes and stomach ulcers—render him especially vulnerable to COVID-19. And the Centers for Disease Control and Prevent does not list Defendant's medical conditions as placing him at an increased risk. See Centers for Disease Control and Prevention, People with Certain Medical Conditions (July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

3

conditions.html. The Court finds that Defendant's pre-diabetes and stomach ulcers do not provide extraordinary and compelling reasons for compassionate release. See United States v. Hall, No. 04-CR-323, 2020 WL 4582712, at *2 (D. Md. Aug. 10, 2020) (holding a defendant's pre-diabetes diagnosis does not "sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute extraordinary and compelling reasons for judicial relief").

Even assuming Defendant's health conditions could provide a basis for compassionate release, the Court finds that Defendant's release at this time that the balance of the § 3553(a) factors counsel against release. Of importance, Defendant has an extensive criminal history including several convictions for cocaine possession and distribution. The Court also notes that it varied downward at the time of it imposing its sentence. The Court thus finds that Defendant's release at this time would fail to accomplish the objectives identified at sentencing, namely: reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment; affording adequate deterrence to criminal conduct; protecting the public from further crimes of the defendant; and avoiding unwarranted sentencing disparities among defendants. See Doc. No. 472 at 3. Thus, the Court declines to order compassionate release at this time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release, Doc. No. 739, is **DENIED**.

Signed: August 17, 2020

Max O. Cogburn Jr
United States District Judge